REGAN, Judge.
Plaintiff, the Sterling Petroleum Company, Inc., instituted this suit against defendant, Montague Materials, Inc., on an open account, endeavoring to recover the sum of $1,355.66, for gasoline, its by-products, grease and oil sold and delivered to the defendant from March 4th, 1952 through April 18, 1952.
Defendant answered and admitted that the gasoline, its by-products, grease and oil were delivered to it, but in opposing this suit insisted that the gasoline was of such an inferior quality “that all of the vehicles owned by the defendant in which the gasoline was used developed serious motor trouble”, therefore, it is not indebted unto plaintiff.
From a judgment in favor of plaintiff as prayed for defendant has prosecuted this appeal.
The record reveals that plaintiff delivered Spartan regular gasoline, its byproducts, grease and oil to the defendant’s business establishment located in 100 Airline Highway, Jefferson Parish, from about March 4th, 1952 through April 18th, 1952, which fact is substantiated by statements and itemized invoices attached to and made part of the petition.
*459 Charles A. Emling appeared and testified on behalf of the plaintiff corporation as its President, to the effect that his company-had been selling Spartan regular gasoline and its by-products to /the defendant since January 1st, 1951, and that he had never received a complaint from C. W. Montague, President of the defendant corporation or anyone else employed by that company relative to the inferior quality of gasoline sold and delivered; that although he is a stockholder and director of the defendant company, the first time that he possessed knowledge that such a defense would be made concerning the indebtedness of defendant to plaintiff was on September 24, 1952, at which time defendant filed its answer to plaintiff’s suit on this open account; that as a stockholder and director of the defendant company he received from the Secretary of that company a statement of the Accounts Payable, dated May 31st, 1952, which reflected that the defendant was indebted unto plaintiff in the amount of $1,355.66. Emling further testified that although the plaintiff’s suit was filed on June 18, 1952 and defendant replied thereto on September 24, 1952, on or about [January 5, 1953, the defendant paid the sum of $200 on account of this indebtedness, which left a balance due and owing to plaintiff of $1,155.66.
The defendant corporation laboriously endeavored to substantiate its defense relative to the inferior quality of-the gasoline that had been delivered to it by the plaintiff corporation by virtue of the testimony of C. W. Montague, President of the defendant corporation and Raymond Schuler, who qualified as an expert mechanic, employed by Montague in another business.
The testimony of both Montague and Schuler was so vague, indefinite and unsatisfactory as to be wholly insufficient to maintain this awkward and ineffectual defense which we believe to be simply an afterthought.
The record shows conclusively that Spartan regular gasoline, its by-products, grease and oil were delivered by plaintiff to' defendant which products -were used by it and never paid for. We believe that our conclusion is substantiated by virtue of the uncontradicted testimony of Emling to the effect that he is a stockholder and director of the defendant corporation and, as such,' received a copy of a statement of the Accounts Payable of the defendant company, dated May 31, 1952, which reflects that defendant was indebted unto plaintiff in the sum of $1,355.66, and the further fact that on January 5, 1953, which was about eight months after this suit was instituted and three months after defendant filed its answer, defendant paid on account of its indebtedness to plaintiff the sum of $200.
Counsel for defendant insists “that the payment of $200 was not made on account of the law suit, which would admit the debt, but was made in accordance with a compromise agreement which was never executed and made final.” Even if we should concede the validity of this contention, it would not effect the result which we have reached because the sum total of the record proves conclusively that plaintiff is entitled to recover for the gasoline and its by-products sold to the defendant and unpaid for.
We are of the- opinion that these actions on the part of the defendant were certainly inconsistent with the defense pleaded in its answer and which defendant laboriously endeavored during the trial of the case to substantiate.
The. trial court rendered judgment in the sum of $1,355.66, however, the record-shows, as we have indicated hereinabove, that defendant paid on account of this indebtedness the sum of $200, which left a balance due and owing to the plaintiff of $1,155.66, accordingly, the judgment shall be reduced to this amount.
For the reasons assigned the judgment appealed from is amended by reducing the amount thereof from $1,355.66 to $1,155.66, and as thus amended it is affirmed. Defendant to pay all costs.
Amended and Affirmed.